## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee of the Benefit of the registered holders of UBS Commercial Mortgage Trust 2018-C8, Commercial Mortgage Pass-Through Certificates, Series 2018-C8,<br><br>c/o Midland Loan Services, a division of PNC Bank, N.A.<br>10851 Mastin Boulevard, Suite 300<br>Overland Park, Kansas 66210<br><br>                     Plaintiff,<br>v.<br><br>THE AVERY GEORGETOWN, LLC,<br>a District of Columbia limited liability company,<br><br>2616 P Street, NW<br>Washington, D.C. 20007<br><br>**Serve:** Justin M. Schneck, Resident Agent<br>        2105 Foxhall Road, NW<br>        Washington, D.C. 20007<br><br><br>                     Defendant. | Civil Action No. _____ |

## **VERIFIED COMPLAINT**

Plaintiff Wells Fargo Bank, National Association, as Trustee of the Benefit of the registered holders of UBS Commercial Mortgage Trust 2018-C8, Commercial Mortgage Pass-Through Certificates, Series 2018-C8's (the "Trustee") brings this Verified Complaint against Defendant The Avery Georgetown, LLC (the "Borrower") for monetary damages and for appointment of a Receiver.

## PARTIES

1. Trustee is a national banking association that is a citizen of South Dakota.

2. Borrower is a District of Columbia limited liability company with its principal place of business in Washington, DC.  Borrower is a Single Purpose Entity ("SPE") whose only asset is the The Avery Georgetown hotel located at 2616 P Street NW, Washington, DC (the "Property"). Borrower's members are citizens of the District of Columbia.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because this lawsuit involves citizens of differing states with an amount of controversy which exceeds $75,000, exclusive of interests and costs.  For purposes of the diversity analysis, Borrower is a citizen of the District of Columbia, whereas Trustee is a citizen of South Dakota.

4. Venue in this district is proper in accordance with 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## FACTS

**A. The Loan**

5. Borrower delivered a Promissory Note to Barclays Bank PLC ("Original Lender") in the original principal amount of $5,500,000.00 dated January 5, 2018 (the "Note").  The Note is non-recourse, meaning that the Trustee may only look to its collateral to satisfy any defaulted, unpaid portions of the Note.  A true and accurate copy of the Note is attached hereto as **Exhibit A**.

6. Trustee is the current holder of the Note by way of an Allonge from Original Lender, a true and accurate copy of which is attached hereto as **Exhibit B**.

7. The Note is secured by that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Deed of Trust") from Borrower dated January 5, 2018 against title to the Property, recorded in Document No. 2018022134 in the Property's land records. A true and accurate copy of the Deed of Trust is attached hereto as **Exhibit C**.

8. The Trustee currently holds the Deed of Trust by way of an Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, recorded in Document No. 2018034253 in the Property's land records. A true and accurate copy of the Assignment of the Deed of Trust is attached hereto as **Exhibit D**.

9. The Deed of Trust also creates a security interest in all income of the Property, including all rents. (*See* Ex. C, Deed of Trust, § 1.01(f) & (p)).

10. The Note is further governed by a Loan Agreement by and between Original Lender and Borrower (the "Loan Agreement"), a true and accurate copy of which is attached hereto as **Exhibit E**.

**B. Borrower's Default and Trustee's Right to Appointment of Receiver.**

11. Borrower failed to make the required monthly debt service payment for April 2020, and has further failed to make any subsequent monthly payments.

12. Borrower's failure to pay is an Event of Default pursuant to Section 8.1 of the Loan Agreement. As a result of this default, the entire balance of the Loan is currently due and owing.

13. Borrower assented in the Deed of Trust to the appointment of a Receiver upon such default. (*See* Ex. C, Deed of Trust, § 9.01(g)).

**C. The Property Is Equity Deficient and Not Generating Sufficient Income To Be Self-Sustaining.**

14. The total amount due on the Loan is $7,277,807.60, whereas the most recent valuation of the Property shows a value of $5,700,000.00, meaning the Property is badly equity deficient.

15. The Property is a hotel, closed for a period due to the Covid-19 pandemic, has re-opened in a limited manner consistent with the District of Columbia's Covid-19 protocols, and has had a sharp decline in business since reopening.

16. The cumulative effect of these facts is that the Property does not generate sufficient income to support its operations and debt service, is operating at a continuing and growing deficit, and the prospects of attracting new investment in or financing for the Property is non-existent.

17. Without a replacement operator to purchase the Property and inject much needed capital, the likelihood is high that hotel operations will not be able to continue.

## COUNT I
**Breach of Contract (the Note)**

18. The Trustee re-alleges paragraphs 1-17 above as if set forth fully herein.

19. As set forth herein, Borrower is in material breach of its obligations on the Note, Deed of Trust and Loan Agreement including, but not limited to, the obligation to make payments of principal and interest on the Note.

20. Borrower's material breach of the Note, Deed of Trust and Loan Agreement has directly and proximately caused, and will continue to cause, the Trustee to suffer damages.

## COUNT II
**Appointment of Receiver**

21. The Trustee re-alleges paragraphs 1-20 above as if set forth fully herein.

22. Pursuant to the Deed of Trust, the Trustee has the express right to seek the appointment of a Receiver in an Event of a Default.

23. Additionally, the above-pled facts demonstrate the need for the appointment of a Receiver for the Property pursuant to Federal Rule of Civil Procedure 66, 28 U.S.C. § 959, applicable federal equitable principles, and common law.

25. Borrower assented to the appointment of a Receiver through the Deed of Trust.

**WHEREFORE**, the Trustee respectfully requests that this Court:

(a) Enter judgment in the Trustee's favor for its actual and consequential damages, along with pre- and post-judgment interest, and reasonable attorneys' fees and costs;

(b) Appoint GTDC Associates LLC, a District of Columbia limited liability company and affiliate of GF Hotels & Resorts, or another person or entity whom this Court deems suitable and appropriate as receiver (the "Receiver") of the Property for the purpose of preserving and protecting the value of the collateral which secures repayment of the Note, and authorize the Receiver to take such actions as are contained in the Proposed Order For Appointment of Receiver that the Trustee has submitted contemporaneously with the filing of this Verified Complaint; and

(c) Order such further relief as this Court deems appropriate.

Dated: November 23, 2020

Respectfully submitted,

NIXON PEABODY LLP

By: /s/ Brian P. Donnelly
Brian P. Donnelly (Bar No. 1010522)
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel:    202-585-8191
Fax:    866-741-1857
Email: bdonnelly@nixonpeabody.com

*Counsel for Plaintiff Wells Fargo Bank, National Association, as Trustee*

## **VERIFICATION**

I, Andrew Donahue of Midland Loan Services, a division of PNC Bank, N.A., special servicer for WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee of the Benefit of the registered holders of UBS Commercial Mortgage Trust 2018-C8, Commercial Mortgage Pass-Through Certificates, Series 2018-C8, hereby certify under the pains and penalties of perjury that I have reviewed the foregoing Verified Complaint and that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

Executed on: November 20, 2020

_____
Andrew Donahue

6